Huang v. Holder

BIA
Balasquide, IJ
A087 441 732

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand thirteen.

PRESENT:
>            DENNIS JACOBS,
>                 *Chief Judge,*
>            JON O. NEWMAN,
>            GERARD E. LYNCH,
>                 *Circuit Judges.*

_____

HUA SHENG HUANG,
>            *Petitioner,*

>     v.                                        11-4625
>                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>            *Respondent.*

_____

FOR PETITIONER:          Gerald Karikari, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Terri J. Scadron,
                         Assistant Director; Aaron D. Nelson,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hua Sheng Huang, a native and citizen of the People's Republic of China, seeks review of an October 12, 2011, decision of the BIA affirming the January 28, 2010, decision of Immigration Judge ("IJ") Javier Balasquide, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Sheng Huang*, No. A087 441 732 (B.I.A. Oct. 12, 2011), *aff'g* No. A087 441 732 (Immig. Ct. N.Y. City Jan. 28, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For applications such as Huang's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the

2

totality of the circumstances, base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. §§ 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167. We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

In finding Huang not credible, the agency reasonably relied on an inconsistency between Huang's asylum application, in which he states he was arrested and detained by Chinese officials in September 2007, and his testimony that the same arrest occurred in October 2007, testimony he changed to September 2007.[1] *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The IJ

---

[1] The BIA opinion states that Huang's testimony placed the event in October *2008*. We assume this is an inadvertent error by the BIA because the record is clear that Huang left the PRC in December 2007. The opinion of the IJ states: "The respondent indicated initially that the problem occurred on October 30, 2007. When he was questioned by his attorney what happened on October 30, 2007, the respondent amended the answer and indicated that it was September 30, 2007, as the date that he had the problems."

3

was not required to credit Huang's varied explanations for this inconsistency, that he did not hear the question and that he confused the date of his arrest with the date that he was smuggled out of China. The agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also reasonably relied on Huang's inconsistent account of when he joined a U.S. church because Huang initially testified that he joined in early 2008, but when confronted with a conflicting document from the church stating that he began attending in August 2008, Huang claimed that he began attending church in early 2008, but did not sign the registration book until November 2008. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The IJ was not required to credit this explanation, particularly because Huang later gave inconsistent testimony that he began signing the registration book in November 2008. *See Majidi*, 430 F.3d at 80-81.

Having already questioned Huang's credibility, the agency reasonably relied on his failure to provide sufficient evidence from church members to corroborate his

4

attendance in order to further support its determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (an asylum applicant's failure to corroborate his testimony may bear on his credibility "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). Huang argues that the IJ erred by declining to credit his witness's testimony because of his witness's lack of knowledge of Christianity. However, the IJ's decision was properly based on the witness's lack of knowledge of Huang's religious activities, not a lack of knowledge of Christianity. The weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the IJ. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Huang's additional argument, that the IJ erred in requiring church records that he lacked access to, is unavailing. When a lack of corroboration is cited as an additional basis for an adverse credibility determination after the credibility of testimony has been called into question, an IJ is not required to make a finding as to the availability of additional evidence. *See id.* at 341.

Given the inconsistencies, inconsistent explanations, and lack of corroborating evidence, a totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Huang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). We do not reach Huang's argument that he will be tortured if he returns to China because of his illegal departure from that country, as Huang did not raise that argument before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk